UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 367 |
| v. | ) | |
| | ) | Honorable Young B. Kim |
| EDWARD D. BOATMAN | ) | |

MOTION TO REVOKE PRETRIAL RELEASE ORDER

The UNITED STATES OF AMERICA, through GARY S. SHAPIRO, Acting United States Attorney for the Northern District of Illinois, pursuant to 18 U.S.C. § 3148(b), hereby moves to revoke the Court's order allowing the defendant EDWARD D. BOATMAN ("defendant") to remain on pretrial release in the above-captioned matter. In support thereof, the government states as follows:

1. On July 3, 2012, defendant was arrested pursuant to a complaint charging defendant with bank robbery in violation of 18 U.S.C.§ 2113(a).

2. On July 5, 2012, defendant had an initial interview with the United States Pretrial Services Office ("PTSO"). During that interview, defendant admitted to using cocaine once or twice per week, and to using heroin once a month.

3. On July 6, 2012 Magistrate Judge Kim issued an order allowing the defendant to remain on pretrial release subject to numerous strict conditions, including, among other conditions, that defendant (a) not commit another violation of federal or State law, (b) refrain from the use or unlawful possession of a narcotic drug unless prescribed by a medical practitioner, (c) submit to any drug testing required by the PTSO and (d) participate in a program of inpatient or outpatient substance abuse therapy and counseling if advised to do so by the PTSO. Additionally, defendant

was placed on home detention and is currently residing at his mother's residence, where a daycare is also located.

4. On July 8, 2012, defendant was released from jail. On July 9, 2012, defendant submitted a urine sample to the PTSO that was positive for cocaine and opiates. Defendant admitted to the PTSO that he used cocaine after his release from jail.

5. On July 12, 2012, PTSO Officer Morrison Page filed a Pretrial Services Violation Report, recommending that the defendant appear in court to show cause why his bond should not be revoked.

6. Defendant's cocaine and opiates use violates the explicit prohibitions against drug possession and use set forth in his release order, and any amount of cocaine use constitutes a felony violation of State law prohibiting the unlawful possession of drugs. *See* 720 ILCS § 570/402(c) (defining the possession of any amount of cocaine as a Class 4 felony) *and* 730 ILCS § 5/5-4.5/45 (providing that a Class 4 felony may be punished by up to three years' imprisonment). Defendant violated his conditions of release mere hours after being released from jail.

7. In addition to establishing that using cocaine is a higher priority for the defendant than compliance with the Court's release order, the defendant's cocaine use demonstrates that her continued release poses a serious risk of harm to himself and others. Defendant currently is on home confinement in a home that also contains a daycare, and his use of drugs means that drugs could be in the home where children could have access to the drugs. Additionally, Defendant could interact with the children while impaired and possibly injure them. Defendant also has two prior convictions for distribution of drugs, and the violence associated with the sale of drugs could also harm the children in the daycare center, who are innocent bystanders.

8. Pursuant to 18 U.S.C. § 3148(b), a presumption in favor of detention arises because defendant's conduct in violation of his pretrial release conditions constitutes a felony under State law. Revocation is appropriate because there are simply no conditions of release that "will assure . . . that [defendant does not] pose a danger to the safety . . . of the community," and, alternatively, because defendant is unlikely to abide by the conditions of his release order. *See* 18 U.S.C. § 3148(b)(2)(A) & (B).

9. Additionally, another factor in favor of detention has come to the attention of the government after the detention hearing. Defendant has two prior drug distribution convictions in the State of Illinois. The government has determined that based on the two prior distribution convictions, defendant is a career offender under U.S.S.G. § 4B1.1, and his Guidelines range is 210 - 262 months' imprisonment. Because defendant is facing very significant jail time, he is even less likely to abide by the conditions of release and poses a greater risk of failing to appear in court as required.

10. Accordingly, the Court's order allowing defendant to remain on pretrial release should be revoked.

WHEREFORE, pursuant to 18 U.S.C. § 3148(b), the government respectfully requests that this motion be GRANTED, that the order allowing defendant to remain on pretrial release be revoked, and that this Court order defendant to be detained for the remainder of these proceedings.

          Respectfully submitted,
          GARY S. SHAPIRO
          Acting United States Attorney

Submitted: July 13, 2012      By:    /s Michelle M. Petersen
          MICHELLE M. PETERSEN
          Special Assistant United States Attorney
          219 South Dearborn Street, 5th Floor
          Chicago, Illinois 60604-3590
          Phone: (312) 353-5305